To: Clerk of the Circuit Court

Compliant against

Judge Goldsmith

Unheard Facts Under Seal: Suppression That Impacts Millions

Attorney Grievance Commission (AGC)

Compliant against court appointed attorneys

Michael Rataj

Leanna Belcher

Date: December 3, 2025

Subject: Submission of Critical Evidence Chain — Judicial Prejudice, Attorney Misconduct, and Constitutional Suppression

Purpose of Submission

Enclosed is the Critical Evidence Chain (Refined & Legally Focused, First-Person) packet, prepared for review by both the Circuit Court and the Attorney Grievance Commission. This packet documents judicial prejudice, attorney misconduct, and systemic suppression of constitutional rights, supported by transcripts, rulings, and evidentiary exhibits.

Contents of Packet

Judge Goldsmith Context — Background and framing of judicial prejudice intersecting with attorney misconduct.

Exhibit A — Transcript (10/03/2023, Case No. 23-cr-20062, p.18)

Exhibit B — Court Order (11/12/2025, Case No. 23-cr-20062)

Exhibit D — AGC Letter

Hybrid Mischaracterization as Admission — Analysis of rulings and suppression of Faretta rights.

Under-Seal and Forensic Exam — Documentation of retaliatory forensic exam orders.

Closing Statement (Exhibit-Ready) — Constitutional precedent, evidentiary admissions, and systemic suppression impacting health professionals nationwide.

Request for Action

I respectfully request that the Circuit Court and the Attorney Grievance Commission:

Review the enclosed evidentiary packet in full.

Recognize the rulings and orders as admissions of judicial prejudice intersecting with attorney misconduct.

Address the systemic suppression documented herein, including violations of Faretta rights, misuse of forensic exams, and institutional avoidance of constitutional precedent.

Apply Justice Gorsuch's directives in Azar v. Allina, which confirm that CMS cannot bypass the rule-making comment process required by Congress to deny billions of dollars in care and compliance costs. Judge Goldsmith placed these denials under seal, directly affecting the health of millions of patients who rely on lawful, constitutionally protected medical services.

Note: The court-appointed attorneys in court proceedings stated Sammour protest, Sammour posting of photos protesting, to justify an order for a forensic exam from Judge Goldsmith — tied directly to unlawful denials of billions in payments to health professionals, impacting the health of millions of American citizens nationwide.

Take appropriate corrective and disciplinary action to restore constitutional protections and ensure accountability.

Critical Evidence Chain (Refined & Legally Focused, First-Person)

Introduction

Judge Goldsmith is a brother of an Israeli sister, with family ties in Israel. I, Sammour RN, was accused of Medicare fraud.

The court-appointed attorneys, in court during a precedent-less proceeding, stated in front of Judge Goldsmith in regard to my protest against starvation and Israeli occupying forces killing and amputating limbs of more than 20,000 starving children and babies in Gaza waiting on lines for food and water due to Israel's blockage of borders.

The court-appointed attorneys in court proceedings stated Sammour protest, Sammour posting of photos protesting, to justify an order from Judge Goldsmith, a brother of an Israeli sister, with family ties in Israel, for a forensic exam. The court-appointed attorneys requested this in a motion they filed to suppress evidence I raised about unlawful denials of billions in payments to health professionals, impacting the health of millions of American citizens nationwide.

Implication: This shows how my humanitarian protest activity was deliberately reframed as justification for punitive measures, linking political bias to suppression of constitutional rights.

Exhibit A — Transcript (10/03/2023, Case No. 23-cr-20062, p.18)

Goldsmith's Statement: "In addition, Sammour currently has counsel."

Context: I filed pro se requests in #23-cr-20062 after Judge Goldsmith's refusal to remove court-appointed attorneys on my request for pro se (representing myself in front of a jury trial) on 10/03/2025. Judge Goldsmith ignored his rulings on 10/03/2023 regarding no further court appointing after the current counsel I requested to remove in my pro se request. Judge Goldsmith denied my pro se request.

I also filed in another case, #24-cr-20306 before Judge McMillion, requesting change of the same counsel due to court-appointed attorneys violating my constitutional rights in a precedent-less court proceeding under seal. This misconduct intersects with Judge Goldsmith's prejudice and judiciary bias.

Evidentiary Point: Goldsmith's admission intersects with denial of removal/change of counsel. By mischaracterizing my pro se request as hybrid, Judge Goldsmith under seal concealed my defense and indicated evidence of prejudice. Judge Goldsmith, a brother of an Israeli sister, with family ties in Israel, reinforced the court-appointed attorneys' misconduct.

Exhibit B — Court Order (11/12/2025, Case No. 23-cr-20062)

Goldsmith's Declarations:

"Sammour filings are denied without prejudice."

"Sammour's competency must first be determined before the court can take up any issue including my request for a judiciary review, indicating his prejudice intersects with the misconducts of the court-appointed attorneys he refused to remove and retained."

"Sammour currently has counsel, he is proceeding impermissibly in hybrid fashion."

Evidentiary Point: This order entrenched ineffective counsel, silenced my filings, and conditioned my rights on a forensic exam to suppress evidence I raised in court — evidence the court-appointed attorneys misrepresented and ignored.

Implication: Conditioning constitutional rights on a forensic exam reveals retaliatory intent, weaponizing procedure to silence defense filings.

Exhibit D — AGC Letter

Reframing: The AGC described misconduct as "ineffective counseling."

Avoidance: The AGC ignored constitutional precedent (Faretta, Williams, Mosely, McKaskle).

Concealment: The AGC treated judicial prejudice + attorney misconduct as performance issues, avoiding systemic suppression.

Implication: By reframing constitutional violations as mere performance issues, the AGC concealed systemic suppression and avoided accountability. Institutional avoidance by the AGC confirms systemic suppression, shielding judicial misconduct from accountability and undermining confidence in oversight.

Hybrid Mischaracterization as Admission

Judge Goldsmith's misrepresentation, mischaracterization, and suppression of my Faretta rights, as made clear in his rulings on 11/12/2025, and the reasons he gave for retaining the court-appointed attorneys, confirm bias.

He ignored all of his rulings, including the embedded one in the transcript of 10/03/2023 on page 18, also addressing ethical obligations on pages 18–19. He stated:

"Faretta does not require a trial judge to permit hybrid representation … it is up to his counsel to determine what motion to file."

Judge Goldsmith's statement that "Sammour is proceeding impermissibly in a hybrid fashion" is further evidence and an admission of prejudice intersecting with misconduct.

Under-Seal and Forensic Exam

The under-seal proceeding that took place on 10/03/2025, along with the forensic exam request and order, was not neutral. Judge Goldsmith's rulings themselves serve as admissions of prejudice intersecting with misconduct, reinforcing the suppression of my constitutional rights.

Closing Statement (Exhibit-Ready)

Judge Goldsmith's rulings are not neutral. They are admissions of judicial prejudice intersecting with attorney misconduct. His orders confirm suppression of my Faretta rights by mischaracterizing my pro se requests as hybrid, conditioning my filings on a forensic exam triggered by my protest activity, and silencing my filings "without prejudice."

The AGC's reframing of misconduct as "ineffective counseling" avoided constitutional precedent and concealed systemic suppression.

This record demonstrates structural constitutional violations:

Faretta v. California (422 U.S. 806, 1975): My right to self-representation was denied.

McKaskle v. Wiggins (465 U.S. 168, 1984): My control over my defense was stripped.

United States v. Mosely (810 F.2d 93, 6th Cir. 1987): Denial of Faretta rights is structural error.

Williams v. Pennsylvania (579 U.S. 1, 2016): Judicial bias itself violates due process.

The rulings themselves are critical evidence and admissions of constitutional suppression under seal, reinforced by retaliatory forensic exams and institutional avoidance.

Implication: This systemic suppression impacts health professionals nationwide, translating into billions of dollars in denied care and compliance costs, directly affecting the health of millions.

This systemic suppression impacts health professionals across the country, translating into billions of dollars in denied care and compliance costs, and directly affecting the health of millions of patients who rely on lawful, constitutionally protected medical services.

Justice Gorsuch's directives in Azar v. Allina confirm that CMS cannot bypass the rule-making comment process required by Congress to deny billions of dollars in care and compliance costs. Judge Goldsmith placed these denials under seal, directly affecting the health of millions of patients.

judge goldsmith story in Video to illustrate
https://share.icloud.com/photos/01fGIrPqs132bh0q7zPc_puhA

Respectfully submitted, Ibrahim Sammour, RN 313-377-9370

Respectfully submitted,

Ibrahim Sammour, RN

313-377-9370

