UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IBRAHIM SAMMOUR,

       Plaintiff,

v.

MICHAEL RATAJ, et al.,

       Defendants.
_____/

Case No. 2:25-cv-14043

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT (ECF No. 1) FOR LACK OF JURISDICTION**

Plaintiff Ibrahim Sammour, proceeding *pro se*, brought suit against Defendants Michael Rataj, Leanna Belcher, the Attorney Grievance Commission (AGC), and United States District Judge Mark A. Goldsmith for alleged wrongdoings in Sammour's active criminal case before Judge Goldsmith. Because this Court lacks subject-matter jurisdiction, this Court will dismiss the case *sua sponte*.

**I. BACKGROUND**

On February 1, 2023, Sammour and six other individuals were indicted for criminal allegations concerning health care fraud. *See United States v. Sammour*, No. 2:23-cr-20062 (E. D. Mich.) (hereinafter "*Sammour*"), ECF No. 1 (E.D. Mich. Feb. 1, 2023). At that time, the case was assigned to Judge Victoria A. Roberts. *See id.* at

PageID.1. A public defender was appointed to represent Sammour, but in May 2023, Sammour requested a different attorney, making unclear references to attorneys conspiring against him. *Sammour,* ECF Nos. 85; 88. His counsel then moved to withdraw. *Sammour*, ECF No. 87. After a hearing on the motions, *see Sammour*, ECF No. 100, Judge Roberts granted the motions and ordered that Sammour be appointed a new federal community defender. *Sammour*, ECF Nos. 98; 99.

Shortly after appointing Sammour a new attorney, the Court ordered Sammour to complete a psychological examination, finding that Sammour's excessive and unintelligible *pro se* filings, lack of appreciation for the severity of the charges against him, and fixation on the government attorneys "conspiring against him" raised questions of his competency. *Sammour*, ECF Nos. 105; 106; 107; 112.

In August 2023, the case was reassigned to Judge Goldsmith, and one month later, Sammour once again requested new counsel while his counsel moved to withdraw. *Sammour*, ECF Nos. 127; 133. After a hearing in October 2023, *Sammour*, ECF No. 144, Judge Goldsmith granted the motion to withdraw and declared Sammour competent to stand trial. *Sammour*, ECF No. 137. The next week, Michael Rataj was appointed as Sammour's counsel, whom Sammour now names as a defendant in this civil matter case. *Sammour*, ECF Nos. 138; 139. Later, attorney Leanna R. Belcher joined Rataj as co-counsel, whom Sammour also names as a defendant in this case. ECF No. 180.

For the next two years, Sammour's criminal case proceeded and although Sammour was represented by counsel, he continued filing documents *pro se*. *See, e.g.*, *Sammour*, ECF Nos. 195; 197; 212; 299. As a result, in September 2025, Sammour's attorney moved for "a competency evaluation to be conducted by a local mental health care professional." *Sammour*, ECF No. 312 at PageID.2700. On October 3, 2025, Judge Goldsmith held a hearing on the motion, granted it, and ordered the Bureau of Prisons (BOP)—not a local practitioner—to conduct a psychiatric or psychological examination of Sammour. *See Sammour*, ECF Nos. 315; 322. Despite this order, Sammour filed a request for a forensic examination approximately two weeks later. *Sammour*, ECF No. 325. He also filed two additional, unclear filings about emergency notice and "immediate judicial review." *Sammour*, ECF Nos. 326; 327. Judge Goldsmith then ordered Sammour to self-report to Metropolitan Correctional Center in Chicago ("MCC Chicago") on November 11, 2025, for a psychological examination. *Sammour*, ECF No. 328. Notably, counsel for the Government and for Sammour stipulated to this order. *Id.* at PageID.2903. But in response, Sammour filed nine documents requesting "judicial review" and a change of attorney. *Sammour*, ECF Nos. 329–42.

On November 17, 2025, Judge Goldsmith entered a second stipulated order requiring Sammour to self-report to MCC Chicago by November 28, 2025, for a psychological examination, warning Sammour that failing to report could lead to a

warrant for his arrest. *Sammour*, ECF No. 345 at PageID.3035. By the first week in December 2025, Sammour had not reported, so a warrant for his arrested was issued and then executed on December 5, 2025. *Sammour*, ECF Nos. 349; 350.

On December 8, 2025, Sammour filed a complaint against his current attorneys Michael Rataj and Leanna Belcher, the AGC, and Judge Goldsmith in the United States District Court for the Southern District of Ohio,[1] which was then transferred to the Eastern District of Michigan. *See* ECF No. 1.

In his complaint now before this Court,[2] Sammour alleges "judicial prejudice, attorney misconduct, and systemic suppression of constitutional rights" against him in the active criminal case before Judge Goldsmith. *Id.* at PageID.1. He mentions that he has been prejudiced because his attorneys informed Judge Goldsmith about Sammour protesting the war in Gaza. *Id.* at PageID.3. Specifically, he argues that the attorneys "stated Sammour protest[ed], posting of photos protesting, to justify an order from Judge Goldsmith, a brother of an Israeli sister, with family ties in

---

[1] In the order directing Sammour's case to be transferred, the United States Magistrate Judge noted that "[t]o the extent plaintiff may be attempting to file an appeal in the Sixth Circuit Court of Appeals, the Clerk of Courts of the Southern District of Ohio is **DIRECTED** to send a copy of the complaint and this Order to the Clerk of the Sixth Circuit Court of Appeals." ECF No. 2 at PageID.10.

[2] This Court notes that Sammour has not paid the requisite filing fee nor applied to proceed *in forma pauperis* in either district. But because this Court finds that it lacks subject-matter jurisdiction and will dismiss the case *sua sponte*, the fee issue is not necessary to address.

Israel, for a forensic exam," and that his "humanitarian protest activity was deliberately reframed as justification for punitive measures," *id.*, including denial of Sammour's request to represent himself at trial and the conditions placed on his mandatory psychological evaluation, *id.* at PageID.4–5. Sammour states that "[c]onditioning constitutional rights on a forensic exam reveals retaliatory intent, weaponizing procedure to silence defense filings." *Id.* at PageID.5.

## II. LEGAL STANDARD

Sammour proceeds *pro se*, and so his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Sammour is not immune from compliance with the Civil Rules. His complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), one that would "give the defendant[s] fair notice" of what the claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, his complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)).

### III. ANALYSIS

Sammour's complaint here, in essence, appears to challenge various decisions by Judge Goldsmith, and points to attorney conduct as a basis for prejudicing Judge Goldsmith against him. Because it appears that he is aiming to challenge judicial decisions in an active criminal case, this Court lacks jurisdiction over the matter and may not intervene in his criminal proceedings.

Federal courts have limited jurisdiction, and the burden of establishing that they have jurisdiction rests upon the plaintiff. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To establish jurisdiction, a plaintiff must demonstrate that there is either (1) a federal question at issue; or (2) complete diversity of citizenship among the parties with an amount in controversy exceeding $75,000. *See* 28 U.S.C. §§ 1331; 1332; *see also Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437–38 (2019). Additionally, "federal courts have a duty to consider their subject matter in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Ky. V. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

Here, Sammour makes no reference to any federal laws—aside from a generic reference to "suppression of constitutional rights"—nor does he allege an amount in controversy or diversity of citizenship. *See* 28 U.S.C. §§ 1331; 1332; *see also Chase*

*Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) ("Federal question jurisdiction under 28 U.S.C. § 1331 is proper 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'").

Instead, Sammour asks this Court to intervene on matters in his active criminal case. But this Court must abstain from exercising jurisdiction over such a request because a "[p]laintiff cannot file a civil rights action to undermine or reverse decisions made in his pending criminal case or to forum shop for a new judge or defense counsel." *McChester v. Davis*, No. 2:21-cv-11764, 2021 WL 4315808, at *2 (E.D. Mich. Sept. 22, 2021). Indeed,

> [j]ust as this Court would abstain from interfering in a pending state court criminal matter when a state pretrial detainee raises claims that challenge state court proceedings, considerations of federalism, judicial economy, and efficient case administration dictate that a similar rule of restraint apply where a federal pretrial detainee raises claims which challenge ongoing federal criminal proceedings pending before another District Court Judge.

*Id.* Accordingly, this Court "will not interfere with a pending federal criminal case proceeding before another judge." *Smith v. Vandevender*, No. 1:23-CV-02449, 2024 WL 5145985, at *2 (N.D. Ohio Dec. 17, 2024).

And even if this Court had jurisdiction, Judge Goldsmith is protected by absolute judicial immunity against Sammour's vague claims for non-monetary relief. *See Hearring v. Sliwowski*, 806 F.3d 864, 868 (6th Cir. 2015); *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) ((holding that "[j]udicial immunity exits

even where a judge acts corruptly or with malice"); *see also Simmons v. Cnty. of Wayne*, No. 22-11953, 2023 WL 6807001, at *4 (E.D. Mich. Oct. 16, 2023) (explaining that a plaintiff lacks standing to pursue injunctive relief against a federal district judge in the absence of a "showing of any real and immediate threat of future injury to [the p]laintiff from [the judge].").

Similarly, the AGC is entitled to absolute quasi-judicial immunity. *See Kean v. Anderson*, No. 4:05-CV-64, 2005 WL 1949530, at *3 (W.D. Mich. Aug. 15, 2005). As the United States Supreme Court has held, absolute immunity extends "to certain others who perform functions closely associated with the judicial process." *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). Courts recognize that "members of the Michigan Attorney Grievance Commission perform functions that are equivalent to the job performed by prosecutors and judges in court proceedings, and, thus, are entitled to absolute quasi-judicial immunity." *Kean*, 2005 WL 1949530, at *3; *see also Doe v. Mich. Att'y Discipline Bd.*, 78 F.3d 584 (6th Cir. 1996) (holding that actions taken by the AGC and its individual members, in denying application for admission to state bar, were "judicial acts" to which absolute immunity attached).

Furthermore, Sammour did not make any specific allegations against the AGC, and a plaintiff must bring plausible claims "against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamundi*, 680 F.3d 617, 626 (6th Cir. 2012). Instead, he

appears to ask the AGC to *grant* him relief rather than alleging that the AGC harmed him in some sense. *See* ECF No. 1 at PageID.2 ("I respectfully request that the Circuit Court and the Attorney Grievance Commission …[a]ddress the systemic suppression documented herein…[and] [t]ake appropriate corrective and disciplinary action…."). Thus, to the extent that Sammour wants the AGC to provide certain relief, he must file a grievance with the AGC directly, not sue them in federal court. *See Doe*, 78 F.3d at 584 (holding that the federal district court properly dismissed a complaint against the AGC because the court lacked subject-matter jurisdiction over the AGC as an entity with quasi-judicial immunity).

Finally, a defendant cannot bring civil allegations of attorney misconduct or malpractice during a criminal case while the attorney is actively representing the defendant because this would create an unwaivable conflict of interest. See MODEL RULES OF PRO. CONDUCT 1.7–1.8 (A.B.A. 1983). *United States v. Musaibli*, 574 F. Supp. 3d 502, 505 (2021) (addressing the Government's pretrial hearing motion about a potential conflict of interest for the defendant's counsel and observing that "[a] criminal defendant is entitled to the effective assistance of counsel free from conflict"); *see generally Amsted Rail Co. v. U.S. Int'l Trade Comm'n*, 607 F. Supp. 3d 1283, 1292 n. 9 (2022) (describing potential avenues for relief regarding attorney

misconduct allegations).³ Because a concurrent civil suit against Sammour's current attorneys, Rataj and Belcher, would hamper their ability to zealously represent him in his criminal case, Sammour cannot sue Rataj and Belcher at this time. *See McNeal v. U.S.*, 17 F. App'x 258, 264 (6th Cir. 2001) (holding that there is not a conflict of interest if attorneys are not "hampered [in their] ability to zealously represent" their clients).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE** for lack of subject-matter jurisdiction.

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: December 23, 2025

---

³ Prescribed paths for recourse regarding attorney misconduct include requesting or exercising an interlocutory appeal of an order regarding counsel, *see* 28 U.S.C. § 1292; filing a writ of mandamus with the federal Court of Appeals, *see* FED. R. CIV. P. 21; or filing a post-conviction ineffective-assistance-of-counsel claim, *see Strickland v. Washington*, 466 U.S. 688 (1984).